HOUSE et al. v. CARR.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

PAYMENT—PLEADING—SUFFICIENCY.

Though the fact, alleged in a complaint to restrain the foreclosure of a mortgage to show that limitations had run against the mortgage, that no payment had been made within 20 years after the mortgage debt became due is competent as evidence on the question of payment, and, unexplained,

may establish that the mortgage was paid on the theory of the presumption of payment arising from lapse of time, the allegation of such fact does not amount to a plea of payment.

Appeal from Special Term, Oswego County.

Action by Maria House and another against Lucian C. Carr, as administrator, etc., of Cynthia Gilbert, deceased. From a judgment dismissing the complaint for want of facts, and an order to the same effect, plaintiffs appeal. Affirmed.

The action is brought to restrain the statutory foreclosure of a mortgage, given October 13, 1870, to secure the payment of $400, the final payment of which was due and payable four years from the date thereof. The mortgage was given by the husband of one of the plaintiffs, Maria House, she joining in the mortgage. The husband died in 1895, and his son, the coplaintiff, became the owner of the mortgaged premises under and by his last will and testament, subject to the wife's right of dower. The mortgage was given to one Cynthia Gilbert, who died in 1902, and thereafter the defendant was appointed administrator of her estate. The mortgage contained the usual power of sale, and in April, 1903, notice was published by the administrator, setting forth that there was claimed to be due and payable at that time the sum of $938.75—the full amount unpaid thereon; and that the mortgaged premises would be foreclosed by a sale at a stated time and place. The above facts were stated in the plaintiffs' complaint, and it was further alleged, upon information and belief, that the indebtedness secured by the mortgage did not accrue within 20 years before the commencement of the foreclosure proceeding; that no payments had been made upon the mortgage within 20 years after the mortgage debt became due and payable, followed by the further allegation that the mortgage, and the debt secured thereby, were barred by the statute of limitations, and that the debt had never been revived or extended by any acknowledgment or statement in writing signed by the party to be charged therewith. The complaint contained the further general allegation that the mortgage had ceased to be a lien upon the premises, for the reason that the debt for which the mortgage was given to secure the payment of did not accrue within 20 years. The plaintiffs, after alleging that irreparable injury would be done them by the sale, demanded judgment enjoining the sale, and declaring that the mortgage has ceased to be a lien upon the premises, and directing its cancellation.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

O. M. Reilly, for appellants.
S. C. Huntington, for respondent.

KRUSE, J. The Court of Appeals has decided in this case that the plaintiffs are not entitled to affirmative relief restraining the sale of the mortgaged premises, under the power of sale contained in the mortgage, merely because the statute of limitations has run against the mortgage. House v. Carr, 185 N. Y. 453, 78 N. E. 171, 6 L. R. A. (N. S.) 510, 113 Am. St. Rep. 936. Counsel for the appellants earnestly contends, however, that the learned Trial Court erred in dismissing the complaint. He urges that the facts set forth in the complaint, showing that the statute of limitations has run against the mortgage, are equally well pleaded as a payment, or, at least, that no payment having been made on the mortgage within the 20 years after it became due a conclusive presumption follows therefrom, as a matter of law, that the mortgage has been paid, and that, therefore the allegation amounts to a plea of payment.

We do not regard the question an open one. This complaint was before the Court of Appeals, and it was there distinctly stated in the opinion that payment was neither pleaded nor proven. Chief Judge Cullen points out that if the plaintiffs have any proof of payment it may be given upon a new trial under an amendment to the complaint. The plaintiffs seem to have acted upon this suggestion, and made a motion at special term for leave to amend the complaint, which was granted upon terms; but the terms were not complied with, the plaintiffs electing to stand upon their original complaint, without amendment. While the facts stated in the complaint are entirely competent as evidence upon the question of payment, and, unexplained, may establish that the mortgage has been paid, there is no allegation of payment in the complaint.

The judgment and order should be affirmed, with costs. All concur.